IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:21-CV-032-DCK

| KIMBERLY RAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 14) and Defendant's "Motion For Summary Judgment" (Document No. 16). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Kimberly Ray ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") on or about July 17, 2016, under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning June 19, 2016. (Transcript of the Record of Proceedings ("Tr.") 146). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on November 1, 2016, and again after

reconsideration on February 13, 2017.  Id.  In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.  You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.  We do not have sufficient vocational information to determine whether you can perform any of your past relevant work.  However, based on the evidence in file, we have determined that you can adjust to other work.  It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 174).

Plaintiff filed a timely written request for a hearing on March 10, 2017.  (Tr. 143-59, 182-83).  On November 5, 2018, Plaintiff appeared and testified at a videoconference hearing before Administrative Law Judge Sherman D. Schwartzberg (the "ALJ").  (Tr. 77-103, 143-59).  In addition, Vargas Vocational Consulting, a vocational expert ("VE"), and J. Todd Bailey, Plaintiff's attorney for the hearing, appeared at the hearing.  Id.

The ALJ issued an unfavorable decision on February 8, 2019, denying Plaintiff's claim.  (Tr. 143-59).  On March 27, 2019, Plaintiff filed a request for review of the ALJ's decision, which was granted by the Appeals Council on February 14, 2020.  (Tr. 165-68, 225-27).  The Appeals Council remanded the case to an ALJ for resolution of two issues.  (Tr. 166-67).  First, the Appeals Council directed the ALJ to consider some "medical records [that were] submitted timely to the hearing office [but] were not included in the electronic file."  (Tr. 166).  The second, more substantive issue that the Appeals Council directed the ALJ to consider on remand had to do with the ALJ's initial finding that Ms. Ray had "moderate limits in…maintaining pace[] and adapting or managing oneself."  Id.  Nonetheless, the RFC that the ALJ articulated in the initial hearing decision did "not contain restrictions to accommodate the claimant's moderate limitations in

maintaining pace and adapting or managing oneself." (Tr. 167). Thus, the Appeals Council directed the ALJ on remand to "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." Id.

ALJ Sherman D. Schwartzberg held a telephone hearing on June 12, 2020 following the Appeals Council's remand order. (Tr. 10, 48-76). J. Todd Bailey appeared at the telephonic hearing, as did Courtney Stiles, a VE. Id. The ALJ issued an unfavorable decision on June 26, 2020, denying Plaintiff's claim. (Tr. 7-26). Plaintiff requested review of the ALJ's decision on August 19, 2020. (Tr. 293-95). The Appeals Council denied Plaintiff's request for review on December 8, 2020. (Tr. 1).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 9, 2021. (Document No. 1). The parties consented to Magistrate Judge jurisdiction on July 22, 2021, and this case was reassigned to the undersigned as presiding judge. (Document No. 11).

Plaintiff's "Motion For Summary Judgment" (Document No. 14) and "Plaintiff's Memorandum In Support Of Summary Judgment" (Document No. 15) were filed September 15, 2021; and Defendant's "Motion For Summary Judgment" (Document No. 16) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 17) were filed November 12, 2021. "Plaintiff's Response To Defendant's Memorandum In Support Of Motion For Summary Judgment" (Document No. 18) was filed November 26, 2021.

3

On September 21, 2022, the Court issued an Order directing Plaintiff to file a supplemental brief in support of her alleged Constitutional error, or a notice of withdrawal of that argument. (Document No. 20). Plaintiff promptly filed a "Notice Of Withdrawal" (Document No. 21), withdrawing her Constitutional challenge under Seila Law LLC v. CFPB, 140 S. Ct. 2183 (2020).

The pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that

4

Case 1:21-cv-00032-DCK   Document 23   Filed 11/16/22   Page 4 of 13

it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 19, 2016 and the date of the ALJ decision.[1] (Tr. 10). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

5

>   (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
>   (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 26).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 19, 2016, the alleged disability onset date. (Tr. 12). At the second step, the ALJ found that hypertension; chronic kidney disease; psychogenic seizures; anxiety; depression; posttraumatic stress disorder; bipolar disorder; degenerative disc disease; arthritis; and headaches were severe impairments.[2] (Tr. 13). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> [T]he claimant can stand and/or walk for four hours throughout an eight-hour workday, and sit for six hours, can perform occasional postural activities but never climb ladders, ropes, or scaffolds, and should avoid concentrated exposure to hazards and vibration. The claimant is limited to simple, routine, repetitive tasks, SVP 1 & 2 jobs, and reasoning 1, 2 & 3 jobs, and can tolerate occasional contact

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

> with coworkers, supervisors, and the general public, but would work better with things than with people.

(Tr. 15). In making this finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a teacher's assistant. (Tr. 24). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included an electronics worker, a laundry folder, and an inspector and hand packager. (Tr. 25-26). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 19, 2016, and the date of his decision, June 26, 2020. (Tr. 26).

On appeal to this Court, Plaintiff alleges the ALJ's decision includes the following errors: (1) the ALJ's decision articulates an RFC "that does not account for admitted limitations in concentration, persistence and pace," in violation of Mascio v. Colvin; (2) "the ALJ erred by failing to address the material inconsistencies between his treatment of the medical opinions of the [state agency] psychological experts and his RFC assessment;" and (3) "the Agency's decision must be overturned because the structure of the Social Security Administration [] is not constitutional." (Document No. 15, pp. 1-2) (citing 780 F.3d 632 (4th Cir. 2015)). As noted above, however, Plaintiff has since withdrawn her Constitutional argument. See (Document No. 21). Therefore, the undersigned will only address the first and second assignments of error.

### A.  Whether the ALJ Decision Violates Mascio

Plaintiff's first argument is that the ALJ erred by not incorporating "work-related limitations for [Plaintiff's] 'moderate' limitations in concentration, persistence, and pace" ("CPP") into the RFC in violation of Mascio. (Document No. 15, p. 6). Plaintiff contends that the limitation in the RFC to simple, routine, repetitive tasks ("SRRTs") "does not address difficulties staying on task…as [a limitation to SRRTs] refers to limitations in understanding a task, not limitations in staying on task." Id. at p. 5 (citing Mascio, 780 F.3d at 638). Moreover, the limitation in the RFC to Plaintiff performing only SVP 1 and 2 jobs and reasoning level 1, 2, and 3 jobs "does not address limitations in maintaining CPP," Plaintiff argues. (Document No. 15, p. 5). Instead, that limitation—included in the RFC—"refers to the *complexity* of the tasks involved [but] it does not account for difficulties with staying on task." Id. at p. 6. This failure to address Plaintiff's CPP limitations in the RFC was error, Plaintiff contends.

Defendant, on the other hand, contends that the Fourth Circuit "recently reiterated that *Mascio* does not create a categorical rule requiring an off-task limitation in every case where there are moderate difficulties in concentration, persistence, or pace." (Document No. 17, p. 16) (citing Shinaberry v. Saul, 952 F.3d 113 (4th Cir. 2020)). According to Defendant, "the lack of explanation and ambiguity the Fourth Circuit found problematic in *Mascio* does not apply here" because the ALJ explained why there was no need for an additional functional limitation regarding concentration, persistence, and pace in the RFC. (Document No. 17, p. 19).

The undersigned is persuaded by Defendant's argument, especially considering the Fourth Circuit's statement in Shinaberry that there is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the

8

RFC;" instead, the ALJ must simply "explain why" those CPP limitations do "not translate into a limitation in the claimant's RFC." 952 F.3d at 121 (internal quotations and citations omitted).

The ALJ explained that although in October 2016, Plaintiff's "memory, attention, and concentration were all noted to be impaired," just a month later, following receipt of "treatment and medication management…the claimant was noted to be denying all symptoms, [and] no behavioral issues were noted." (Tr. 19) (citing Tr. 711, 715). In the fall of 2019, Plaintiff was apparently "working forty hours a week" and "doing pretty good," and she even "express[ed] gratitude for her job," all despite not having "had medications in four days." (Tr. 20) (citing Tr. 892-910, 935-942). And again in 2020, following increased dosage in anxiety-related medication, "the claimant reported that she was doing better and was washing dishes at a country club,…she had her own car for transportation and felt ok mentally and emotionally, and had been enjoying improved sleep." (Tr. 20) (citing Tr. 874). In early 2020, "[Plaintiff] reported feeling better, more stable and balanced, after having resumed her medications," even though later that month she discussed having "trouble focusing" at work. (Tr. 21) (citing Tr. 899). Furthermore, her job loss in April 2020 was "due to shutdowns related to COVID." (Tr. 21) (citing Tr. 912).

The undersigned thus finds that the ALJ balanced Plaintiff having "some capacity to understand, remember, and concentrate on work related activities" with her anxiety causing impairments in her "ability to understand, remember, and apply information related to more detailed and complex tasks, and to complete those tasks in a timely manner." (Tr. 22) (citing Tr. 581-86, 705-39, 770-80). The ALJ found that Plaintiff's symptoms improved with medication, she was able to engage in some daily household activities, and she even had some full-time work activity during the relevant period. Thus, the ALJ's conclusion that "claimant is limited to simple,

9

routine, repetitive tasks consistent with the demands of SVP 1 & 2 jobs and reasoning 1, 2 & 3 jobs" is supported by substantial evidence. (Tr. 15).

Here, just as in Mobley v. Commissioner of Social Security, the undersigned finds that "unlike [in] *Mascio*, the ALJ did not ignore, without explanation, [Plaintiff's] moderate limitation in concentration, persistence, or pace when conducting the RFC analysis." 3:20-cv-613-RJC, 2022 WL 879424, at *3 (W.D.N.C. Mar. 23, 2022); see also Riddle v. Comm'r of Soc. Sec'y, 1:20-CV-317-RJC, 2022 WL 906407, at *3 (W.D.N.C. Mar. 28, 2022). The Court thus concludes that the ALJ's decision was supported by substantial evidence.[3]

**B.      Inconsistencies Between Medical Opinions and RFC**

The ALJ decision states that Dr. Vigita Reddy and Dr. Walter Scarborough, the state agency psychological consultants, opined that Plaintiff "retained the capacity to understand and remember short and simple instructions." (Tr. 23) (citing Tr. 104-118, 120-41). The ALJ then goes on to state that such opinions are "well-supported by the evidence of record that reveals the claimant's largely normal mental status examinations in spite of persistent mental health symptoms." Id. However, despite the ALJ's statement that the state agency consultants' opinions were "well-supported" with regard to Plaintiff's ability to internalize short and simple instructions, the ALJ then "gives the opinions of Dr. Reddy and Dr. Scarborough only partial weight." (Tr. 23) (citing Tr. 427-90, 705-13, 770-77). This assignment of partial weight, the ALJ states, is due to the opinions' inconsistency "with evidence of record indicating the claimant has been able to properly care for herself, retains functional judgment and maintains a good understanding of her own impairments." Id.

---

[3] The undersigned notes that Plaintiff did not respond to Defendant's argument on this assignment of error in her response brief. See (Document No. 18).

Plaintiff seizes upon what she perceives as an incongruity between the ALJ's statement that Dr. Reddy and Dr. Scarborough's opinions were "well-supported" and the lack of limitation in the RFC to short and simple instructions. (Document No. 15, p. 8). Plaintiff argues that "the ALJ explicitly stated that he agreed with the opinions of Drs. Reddy and Scarborough, but actually issued a less limiting RFC in this respect…[which] constitutes reversible error." Id. Plaintiff argues that the ALJ's failure to include a limitation to short and simple instructions requires remand because "the ALJ did not explain the inconsistency between his endorsement of these opinions of the SA psychological consultants" and his articulation of the RFC. (Document No. 15, pp. 10-11).

Defendant contends, though, that "the well[-]supported RFC was not solely based on the functional assessments articulated by Dr. Reddy and Dr. Scarborough." (Document No. 17, p. 20). The undersigned agrees. The ALJ's articulation of the RFC was based on a full-fledged discussion of Ms. Ray's abilities and limitations. As part of that discussion, the ALJ cited evidence showing that "the claimant has been observed to have intact memory, adequate concentration, and intact judgment and insight by multiple providers throughout the period at issue, indicating that the claimant retains some capacity to understand, remember, and concentrate on work related activities." (Tr. 22) (citing Tr. 581-86, 705-739, 770-80). Furthermore, the ALJ highlighted that Plaintiff "engaged in work activity during the period at issue, reporting as recently as November 2019 that she was engaged in full time work activity." (Tr. 22) (citing Tr. 892-910). Still, the ALJ took into consideration Plaintiff's complaints about "difficulties with anxiety that could reasonably be expected to impair the claimant's ability to understand, remember and apply information." (Tr. 22). Balancing the evidence in Plaintiff's medical records and her subjective voiced concerns

about her own limitations, the ALJ found it appropriate to limit her "to simple, routine, repetitive tasks consistent with the demands of SVP 1 & 2 jobs and reasoning 1, 2 & 3 jobs." Id.

The undersigned further finds that the ALJ was entitled to give the medical opinions of Dr. Reddy and Dr. Scarborough only partial weight, a finding that "generally will not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies…or has failed to give a sufficient reason for the weight afforded a particular opinion." Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015). Here, the ALJ explained the rationale behind assigning only partial weight to these medical opinions, citing the record for evidence that she could both "properly care for herself" and maintain "functional judgment." (Tr. 23) (citing Tr. 427-90, 705-13, 770-77). The undersigned concludes that Plaintiff is attempting to pinpoint an "inconsistency" that simply does not exist – where the ALJ only ascribed partial weight to the opinions of the state agency psychological consultants, focusing on one sentence in the ALJ decision before the paragraph concluded about how "well-supported" those opinions were with regard to the short and simple instructions limitation is misguided. See (Tr. 23). Plaintiff ignores the rest of the RFC section in which the ALJ provides multiple citations to the record in support of his RFC articulation—without a limitation to short and simple instructions. See Wykle v. Saul, 1:19-cv-155-MOC, 2020 WL 697445, at *6-*7(W.D.N.C. Feb. 11, 2020) ("there is no requirement that an ALJ base his RFC finding, or any particular limitation on it, on a medical opinion...[t]he ALJ is solely responsible for assessing a claimant's RFC").

### IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart,

434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Summary Judgment" (Document No. 14) is **DENIED**;  Defendant's "Motion For Summary Judgment" (Document No. 16) is **GRANTED**;  and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.  Signed: November 15, 2022

David C. Keesler
United States Magistrate Judge